| |
|---|
| **Seymour v Hovnanian** |
| 2025 NY Slip Op 31238(U) |
| April 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154579/2016 |
| Judge: Melissa A. Crane |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MELISSA A. CRANE**        PART          **60M**

*Justice*

-------------------------------------------------------------------X

WHITNEY SEYMOUR, CATRYNA TEN EYCK SEYMOUR,

Plaintiff,

- v -

ARA HOVNANIAN, RACHEL LEE HOVNANIAN,

Defendant.

-------------------------------------------------------------------X

ARA HOVNANIAN, RACHEL LEE HOVNANIAN

Plaintiff,

-against-

AUTUN CONTRACTORS, WILLIAM F. O'NEILL
ARCHITECTS, GILSANZ MURRY STEFICEK LLP, PILLORI
ASSOCIATES, PA, SIGNATURE INTERIOR DEMOLITION,
INC., JG CONSTRUCTION OF QUEENS, INC., SUPER JC
CONSTRUCTION CORPORATION, MITCHELL IRON
WORKS, INC.

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154579/2016 |
| MOTION DATE | 10/07/2024 |
| MOTION SEQ. NO. | 030 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595896/2016

The following e-filed documents, listed by NYSCEF document number (Motion 030) 1532, 1533, 1534, 1535, 1536, 1537, 1538, 1541, 1542, 1543, 1544, 1545, 1546, 1547, 1548, 1549, 1550, 1551, 1552, 1553, 1554, 1555, 1556, 1557

were read on this motion to/for        JUDGMENT - SUMMARY        .

In Motion Seq. No. 30, plaintiffs move for partial summary judgment. This is <u>not</u> plaintiffs' first motion for summary judgment in this long-delayed case. Plaintiffs filed their first note of issue on June 20, 2019. Then, plaintiffs made their first motion for partial summary judgment (MS 13). The court granted that motion in part (*see* Doc 853 [7/9/20 order]). The Appellate Division, First Department modified that decision way back on December 15, 2022 (*see* 211 AD3d 549, 557), reversing this court's order that struck plaintiffs' jury demand.

**154579/2016 GABRIEL NORTH SEYMOUR vs. HOVNANIAN, ARA**
**Motion No. 030**

**Page 1 of 5**

1 of 5

Incidentally, despite the significant efforts on appeal and use of the Appellate Court's valuable time, plaintiffs have refiled their note of issue this time <u>without</u> a jury (Doc 1586).

Despite having filed the initial note of issue, despite having moved for summary judgment, and despite the appeals, on the eve of trial plaintiffs interposed new experts, years after the deadline for expert discovery passed. Plaintiffs also increased their damages demand by millions of dollars. This necessitated the vacatur of the note of issue and the reopening of discovery.

After what they must have considered sufficient discovery, plaintiffs then made this second motion for partial summary judgment. Plaintiffs seek an order "directing that the Hovnanians pay for first class repair and abatement of [soft] contents" (Notice of Motion, Doc 1532). That is, plaintiffs request an order directing the Hovnanians to [immediately] advance the costs for repair and remediation of personal property items. The Hovnanians oppose the motion.

## BACKGROUND

Plaintiffs commenced this intractable lawsuit seeking damages for defendants' breach of a license agreement. The Seymour plaintiffs own the property adjacent to the Hovnanian defendants' property on West 4th Street in New York City. In 2012, the defendants began renovating their property, and by late 2012 the construction work had caused lead contamination inside plaintiffs' property.

### License Agreement

The parties executed a license agreement on 5/2/13. The License Agreement provides in relevant part:

> "F. Project Owner shall promptly repair any damage caused to the Adjacent
> Premises, including furnishings and contents, by the construction activities or
> installation, maintenance. inspection and, to the extent applicable, removal of the

**154579/2016  GABRIEL NORTH SEYMOUR vs. HOVNANIAN, ARA**                    Page 2 of 5
**Motion No. 030**

2 of 5

[* 2]

Crack Gauges, Monitoring Equipment, Temporary Protections, Flashing, Adjacent Chimneys and Underpinning, and by the smoke test.

. . . .

K. In the event of any damage to Adjacent Owner's property resulting from any aspect of the Project, Project Owner shall restore Adjacent Owner's property fully to its pre-existing condition or pay for any resulting costs or reduction in property value. Such damage shall include but not be limited to permanent movement or displacement of the Adjacent Premises in whole or in part, cracks in walls or ceilings, cracks in exterior walls, distortions in line and level of floors, walls and ceilings; cracks in trim, millwork or any other built-in element; subsidence of slabs, yards, sidewalks or other site work; chimney blockage; and damage to utilities"

(Doc 1318 [License Agreement], section 9 [F], [K] ["Project Owner Responsibilities"]).

### Plaintiffs' first partial summary judgment motion (MS 13)

In December 2019, plaintiffs made their first summary judgment motion. That motion was granted in part. In July 2020, the court ordered the Hovnanians to

"obtain at their own expense and in accordance with the parties' License Agreement: . . .
. . . .
the removal of all temporary protections installed to control dust and debris from entering the Plaintiffs' property, along with the removal of the toxic lead dust and debris from the Plaintiffs' property using-EPA compliant remediation procedures for lead dust abatement as set forth in NYSECF Doc. No. 825, using contractors and a project supervisor designated by the Plaintiffs"

(Doc 853 [7/9/20 interim order]).

NYSCEF Doc 825—referenced and adopted in the court's July 2020 interim order—is RTK Environmental Group's 6/7/19 assessment report. The report recommends:

"Following the cleaning of the chimneys, . . . complete lead dust cleaning should be performed throughout the cellar, ground floor and first floor. **Soft contents should be disposed of as they are not able to be effectively cleaned.** Remaining contents and all components including walls, ceilings and floors should then be thoroughly cleaned using the HEPA method of cleaning as indicated above"

(Doc 825 at 2 [RTK Report, 6/7/19]).

**154579/2016 GABRIEL NORTH SEYMOUR vs. HOVNANIAN, ARA**
**Motion No. 030**

Page 3 of 5

In the court's decision and order resolving defendants' motions to preclude plaintiffs' late additional expert disclosures, it found that plaintiffs "contributed to the delay in commencing remediation at the property" (Doc 1425 [2/16/24 decision and order]). In fact, plaintiffs did almost nothing with respect to remediation for several years after the court issued the interim order directing defendants to perform certain obligations under the license agreement (*e.g.* Doc 1465 [decision and order dated 3/14/23] [noting that plaintiffs had taken an "unreasonable amount of time" to inventory soft contents]).

Later, the court granted the Hovnanians' motion to amend their answer to assert a setoff counterclaim due to plaintiffs' alleged remediation delays (Doc 1558 [decision and order, MS 29]; *see also* Doc 1559 [amended answer]).

## DISCUSSION

Even if this were not a <u>successive</u> summary judgment motion, the court still denies the motion. While plaintiffs are entitled to replace or repair "soft contents" at the Hovnanian's expense under the License Agreement, plaintiffs have not eliminated all triable issues of fact relating to the value of the soft contents, the repair costs, and to what degree plaintiffs' own delays contributed to these costs. The court did not, in the July 2020 interim order, direct defendants to immediately perform the soft contents remediation (Doc 853 [ordering defendants to remove the temporary protections, lead dust, and debris from the unit, among other things]). Likewise, the RTK report incorporated into the interim order did not call for immediate remediation of soft contents (Doc 825).

Moreover, plaintiffs have not interposed on this motion any list of soft contents they have designated for remediation or repair or given the estimate for the repair or remediation of any

**154579/2016   GABRIEL NORTH SEYMOUR vs. HOVNANIAN, ARA**
**Motion No.  030**

Page 4 of 5

[* 4]

4 of 5

items. Meanwhile, defendants have interposed an expert report demonstrating that the entire market value of the soft contents is only $37,104.74.

Thus, while plaintiffs are not obligated to dispose of all soft contents (rather than remediate or repair them), the court declines to order defendants to immediately advance payment for soft contents remediation. That is, the court is not extending the specific performance directives in the July 2020 interim order to require defendants to advance the piecemeal costs for remediating the soft contents. Given the significant delays and unreasonable remediation demands on the part of plaintiffs, this issue cannot be determined until after trial.

In addition, plaintiffs, perhaps emboldened by the fact that the Hovnanians' must pay plaintiffs' attorneys' fees under the License Agreement, have dragged out this case with repeated, picayune applications. The court reminds plaintiffs that they are only entitled to reasonable attorney's fees.

The court has considered the parties' remaining contentions and finds them unavailing. Accordingly, it is

ORDERED that motion seq. no. 30 is denied; and it is further

ORDERED that the parties must appear for a pretrial conference over Microsoft Teams on 4/22/25 at 12:30 p.m.

| 4/11/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **MELISSA A. CRANE, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**154579/2016  GABRIEL NORTH SEYMOUR vs. HOVNANIAN, ARA**
**Motion No. 030**

Page 5 of 5

5 of 5

[* 5]